# United States District Court
## Central District of Illinois

Don Campbell
Plaintiff

Vs.

Unknown Named Sheriff
Kankakee County, Et al
Defendant's

))))))))

Case No: 05-CV-02022

Judge: Harold Baker

**FILED**
JUL 21 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## Motion For Clarification And Supplementing The Complaint

Now comes your Plaintiff Don Campbell (hereinafter) Campbell and hereby moves this Honorable Court to allow him to clarify how the unknown named Defendants have been named in the complaint, and to allow him to supplement the complaint, in support of this Motion and Supplement Campbell states as follows:

1. Campbell was released on Bond from the Kankakee County Jail out of Defendant's custody on April 17, 2003. Just 7 days later on April 24th 2003 Campbell was Re-Arrested in Chicago and housed in the Cook County Jail on a simple Robbery charge that allegedly accured in November 18, 2002.

Campbell has remained in custody since his April 24th 200

Arrest.

2. That on page 2 of Campbell's Civil Right's Complaint at paragraph 3 Campbell states:
quote: Plaintiff filed a inmate grievance with the Sheriff at the Kankakee County Jail twice, and filed a second step grievance with Jail and Detention Standards, Springfield, Illinois unquote:

At page 2 paragraph 7 of the Complaint Campbell states:
quote: where applicable to a 1983 Pleading a notice of claim under state statute is not a prerequisite: see: BLAS V. ENDICOTT 31 F. Supp. 2d 1131 (E.D. Wis 1999), but Campbell filed one as a courtesy.

3. That it is Campbell's argument that inside of the grievance filed with the Kankakee County Jail, and the second step grievance's filed with the Jail and Detention Standards, as well as the notice of claim filed with the Attorney General's office, Campbell named the known Sheriff and deputy Sheriff's and Nurse in these grievances.

4. That Pro. Se. Complaint's are to be liberally construed and held to less stringent standards then pleadings draft by Lawyers, see: Haines Vs. Kerner, 92 S.Ct. 594 and because Campbell's complaint put the Defendant's and Court on notice of where the names of the Defendant

could be found.
Also in the February 28, 2005 conference call hearing, after explaining in detail exactly how his civil rights were violated by the defendants, the court asked Campbell how Campbell intended to name the defendants, or in any event Campbell addressed the issue saying, that he intended to get the names of the defendants through discovery process of the court.

## Unique Circumstances The Court Should Consider

5. That during Campbell's custody at the Cook County Jail he has made reasonable efforts to identify the defendants as he already learned they're names while in they're custody and put them in complaints (grievances ect) but because of arrest in a different jurisdiction and continued custody in that jurisdiction, all of Campbell's attempts to Re-obtain the defendants names were Hindered by both sheriff's departments of the Cook County Jail and the Kankakee County Jail.
And the Jail and Detention Standard specialist Godlock the one who investigated Campbell's grievance against the defendants, have Hindered Campbell's attempts to Re-obtain the defendants names, and these facts should be taken into consideration when this court address's the complaint   see:

<u>Davis V. Feapolly</u>, N.D. Ill 1990, 742 F. Supp. 971

5. Campbell made the following reasonable efforts to re-obtain the Identify of the defendant's, by writting letter's requesting this information Campbell wrote the following letter's to:

1) Kankakee County Sheriff's Department 450 E. Court St. Kankakee Illinois or 470 E. Merchant St. Kankakee, Ih 60901   10-29-04

2) Kankakee County Circuit Court, Clerk office 450 E. Court St. Kankakee, Illinois 60901   10-29-04

3) Specialist, Steven Godlock, Jail & Detention Standards 1301 Concordia Court P.O. Box 19277 Springfield, Ih 62709   10-29-04

4) Attorney General's office 100 W. Randolph St. Chicago, Ih 60602   10-29-04

<u>Note:</u> See Attached Exhibit's (1)(2)(3) And (4) for copys of the above letter's wrote to these Agency's.

5. That During Campbell's continued Custody At the Cook County Jail, Campbell Asked Various Deputy Sheriff's for this information, that work at the Cook County Jail, And they have all claimed not to know. However today Campbell Asked Deputy Sheriff And was told that the Kankakee County Sheriff's Name is <u>Tim Bukowski</u>. This Sound's accurate to Campbell.

## Conclusion

Wherefore for all of the foregoing Reasons Campbell Moves this Court to Allow the Supplement & Clarification Along with any other Awards or Remedys this Court May Deem Proper.

Signed: Don Campbell

I Declare under penalty of perjury that the foregoing is true and correct pursuant to 28 USC = 1746

Signed: Don Campbell
P.O. Box 08900
Chicago, IL 60608
Dated: July 12, 2005