E-FILED
Monday, 26 September, 2005  03:02:45 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

DON CAMPBELL,

      Plaintiff,

      vs.            05-2022

UNKNOWN SHERIFF OF
KANKAKEE COUNTY, ET AL.,

      Defendants.

### ORDER

      The plaintiff, Don Campbell, brought a complaint pursuant to 42 U. S. C. Section 1983. On March 11, 2005, d/e 8, the plaintiff advised the court that he gave his complaint to the jail officials to be mailed on or about December 12, 2004 for an incident that took place on December 29, 2002. The plaintiff mailed his complaint to an old U. S. District Court address in Springfield, Illinois. The post office returned his mail to him. The plaintiff says he received the complaint back on January 5, 2005. He then looked into the Prisoner Self Help Manual and obtained the address to the next closest U. S. District Court in Illinois. He submitted a petition to proceed in forma pauperis, along with a complaint to the United States District Court for the Southern District of Illinois. His complaint and petition to proceed in forma pauperis was filed by the Clerk of the United States District Court for the Southern District on January 14, 2005. In his petition to proceed in forma pauperis, he advised the court that his mother would be mailing the $!50.000 in full. There is no indication that the plaintiff's mother made the payment to the Southern District. The Southern District transferred the case to the Central District of Illinois. The clerk of the court opened the plaintiff's case in the Central District of Illinois on January 28, 2005.

      Before the court is the plaintiff's motion to withdraw his petition to proceed in forma pauperis and motion for extension of time to pay the filing fee of $150.00, d/e 11. The plaintiff's motion was filed on May 23, 2005. In his motion, the plaintiff requested an extension of thirty days to pay the $150.00 filing fee. More than 90 days has passed since he requested the extension of time. The plaintiff admits in his motion that he asked three individuals to pay the filing fee prior to filing his case and he also admits that in his words "because the statutory time limit of 2 years had ran Campbell being incarcerated needed the case docketed. So Campbell sent the required in forma pauperis petition, before the deadline" Further, Campbell asserts that he "did not know to do so was inappropriate, if you have on 3 or more occasions struck out." Further, Campbell provided the "3 strikes judicial notices." They are according to the plaintiff: (1) Lee v. Berge 01-cv-1150 U. S. Dist. Ct. W.D. of Wisconsin; (2) Hasham v. Berge 01-c-314;

and (3) Lee v. Casey 01-3724 (7th Cir. 2002). Then Campbell asserts that he has just learned that he cannot file in forma pauperis even to docket cases...."

This plaintiff admits that he is not eligible to proceed in forma pauperis. Although the plaintiff claims he has "just learned that he cannot file in forma pauperis" his admission belies this assertion. The plaintiff admits that he received the three "judicial notices" that he had earned strikes. This court finds that the plaintiff was merely trying to avoid the two year statute of limitation bar by filing a petition to proceed in forma pauperis, knowing he was not eligible to proceed in forma pauperis, just to get his case docketed before he was barred by the statute of limitation. The plaintiff's filing fee was due at the time he brought his lawsuit. He did not pay the filing fee at that time. On May 23, 2005, he requested 30 additional days to pay the filing fee. It has been more than six months since the plaintiff first told the court his mother was mailing the $150.00 filing fee and more than three months since he requested an additional 30 days to pay the filing fee. The plaintiff, nor his mother, has paid the $150.00 filing fee. The plaintiff's case is dismissed for failure to pay the required filing fee.

Although his case is dismissed, the Prison Litigation Reform Act requires that all prisoners bringing civil actions pay the full amount of the filing fee. 28 U.S.C.A. §1915(b)(1). Therefore, the plaintiff is still obligated to pay the $150 filing fee.

**It is therefore ordered:**

1. **As the plaintiff has admitted that he has three strikes and is not eligible to proceed in forma pauperis, his motion to withdraw his petition to proceed in forma pauperis and an extension of time of thirty days to pay the filing fee is denied.**
2. **The plaintiff's Application to Proceed In Forma Pauperis [d/e 1] is denied pursuant to 28 U. S.C. Section 1915(g) and the complaint is dismissed in its entirety, for failure to pay the filing fee.**
3. **All other pending motions, if any, are denied as moot. The clerk of the court is directed to terminate this lawsuit in its entirety, forthwith.**
4. **Although his lawsuit is dismissed, pursuant to 28 U.S.C.A. §1915(b)(1), the plaintiff is still obligated to pay the $150 filing fee.**
5. **The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect $150.00 from the plaintiff's trust fund account, if such funds exist, and to submit the $150.00 to the Clerk of the Court, forthwith. If the plaintiff does not have $150.00 in his trust fund account, the trust fund officer at the plaintiff's current place of incarceration is authorized and ordered to make monthly payments of 20 percent of the preceding month's income credited to the plaintiff's account. The agency must forward payments from the plaintiff's trust fund account to the Clerk of Court each time the plaintiff's account exceeds $10.00 until the statutory**

   **filing fee is paid in its entirety. The filing fee collected shall not exceed the**

        statutory filing fee of $150.00.

6.      If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $255.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).

Enter this 26th day of September 2005.

        s\Harold A. Baker

_____

**HAROLD A. BAKER**

**UNITED STATES DISTRICT COURT**